**FILED**
November 30, 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____CV_____
    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| **LAPARIS SHERMAN** <br> **Plaintiff,** | ) **JURY TRIAL DEMANDED** <br> ) <br> ) |
| v. | ) Case No.    **6:22-cv-01243** <br> ) |
| **EXPERIAN INFORMATION SOLUTIONS INC,** <br> **EQUIFAX INFORMATION SERVICES, INC,** <br> **TRANSUNION LLC** <br> **Defendant.** | ) <br> ) <br> ) <br> ) |

## COMPLANT AND DEMAND FOR JURY TRIAL

Plaintiff LA'PARIS SHERMAN as and for her Complaint respectfully alleges as follows:

### I. INTRODUCTION

1. This is a civil action by Plaintiff, an individual consumer, seeking actual, statutory, and punitive money damages against Defendants EXPERIAN INFORMATION SOLUTIONS INC ("Experian"), EQUIFAX INFORMATION SERVICES, INC ("Equifax"), and TRANSUNION LLC ("Transunion") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (hereinafter "FCRA").

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331. Venue in this District is proper in that the Defendants transact business in the city Killeen, Bell County, Texas, and the conduct complained of occurred in Bell, Texas.

### III. PARTIES

1

3. Plaintiff is a natural person residing in Killeen, Bell County, Texas.

4. Plaintiff is a "consumer" as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a, (b) and (c).

5. Upon information and belief, Defendant Experian Information Solutions, Inc., d/b/a Experian is an Ohio corporation duly authorized and qualified to do business in the State of Texas, that may be served with process by serving its registered agent for service of process C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201 USA, which service is hereby requested.

6. Upon information and belief, Defendant Equifax is a Georgia corporation duly authorized and qualified to do business in the State of Texas, that may be served with process by serving its registered agent for service of process Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218 USA, which service is hereby requested.

7. Upon information and belief, Defendant Transunion is an Illinois corporation duly authorized and qualified to do business in the State of Texas, that may be served with process by serving its registered agent for service of process by serving its registered agent for service of process The Prentice Hall Corporation System, 211 E. 7th Street suite 600, Austin, TX 78701.

### IV. FACTS OF THE COMPLAINT

8. In August 2022 Plaintiff obtained a copy of her consumer report and discovered incomplete, inaccurate, false information furnished by Conn Appliance Inc. and Capital One. Conn Appliance Inc furnished one tradeline, Account No. 56351**** in the amount of $4,720.00, Capital One furnished one tradeline, Account No. 517805970061 in the amount of $564.00.

9. In August 2022, Plaintiff noticed that the account was still being reported by Defendants Experian, Equifax and Transunion on her report. Plaintiff contacted Experian, Equifax and Transunion via mail to dispute the accuracy and completeness of the tradeline. Plaintiff informed all Defendants that the tradeline was inaccurate and incomplete and should therefore be deleted from the consumer report.

10. Upon information and belief, Plaintiff was informed via the reinvestigation that the accounts were verified accurate in September 2022.

11. Despite Plaintiff's disputes and documentation to Defendants Experian, Equifax and Transunion informing them of the incompleteness and inaccuracies, Defendants Experian, Equifax and Transunion continued to report the tradeline from approximately March 2022 through November 2022.

12. As a result of the actions and inactions of the Defendants Experian, Equifax's and Transunion's publishing of such inaccurate and incomplete information has severely damaged the personal and credit reputation of Plaintiff causing her FICO scores to be lowered resulting in her being denied credit or being granted credit with a much higher interest rate, and has caused severe humiliation, emotional distress and mental anguish.

13. Upon information and belief, Defendants Experian, Equifax and Transunion sent a dispute to Conn Appliance Inc and Capital One providing all relevant disputed information.

14. Upon information and belief, Conn Appliance Inc and Capital One verified to Defendants Experian, Equifax and Transunion that the tradeline was accurate.

## V. FIRST CLAIM FOR RELIEF

15 U.S.C. § 1681e(b)

(Defendants Experian, Equifax and TransUnion)

15. Plaintiff re-alleges and incorporates by reference paragraphs 1-14 above.

16. Defendants Experian, Equifax and TransUnion violated 15 U.S.C. § 1681e(b) because they failed to follow reasonable procedures to assure maximum possible accuracy of the Conn Appliance Inc and Capital One trade line information when preparing a consumer report purportedly concerning Plaintiff.

17. Defendants Experian, Equifax and TransUnion have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and other damages to Plaintiff.

18. At all times alleged herein, Defendants Experian, Equifax and TransUnion acted negligently and/or willfully.

19. Defendants Experian, Equifax and TransUnion are liable to Plaintiff for actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681n and actual damages and costs pursuant to 15 U.S.C. §1681o.

## VI. SECOND CLAIM FOR RELIEF

15 U.S.C. §1681i(a)(1)(A)

(Defendant Experian)

20. Plaintiff re-alleges and incorporates by reference paragraphs 15-19 above.

21. Defendant Experian have failed to comply with the reinvestigation requirements in 15 U.S.C. §1681i.

4

22. Defendants Experian have violated 15 U.S.C. § 1681i(a)(1)(A) in that they failed to conduct a reasonable investigation to determine whether the information disputed was inaccurate and record the current status of the disputed information.

23. Defendants Experian have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damage to Plaintiff.

23. Defendants Experian have done so either negligently or willfully.

24. Plaintiff is entitled to actual damages, punitive damages, and costs if violation is willful pursuant 15 U.S.C. § 1681o.

25. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

## VI. THIRD CLAIM FOR RELIEF

15 U.S.C. §1681i(a)(2)

(Defendants Experian, Equifax and TransUnion)

26. Plaintiff re-alleges and incorporates by reference paragraphs 20-25 above.

27. Defendants Experian, Equifax and TransUnion have failed to comply with the reinvestigation requirements in 15 U.S.C. §1681i.

28. Defendants Experian, Equifax and TransUnion have violated 15 U.S.C. § 1681i(a)(2) in that they failed to consider and forward all relevant information to the furnisher of information.

29. Defendants Experian, Equifax and Trans Union have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

30. Defendants Experian, Equifax and TransUnion have done so either negligently or willfully.

31. Plaintiff is entitled to actual damages, punitive damages, and costs pursuant 15 U.S.C. § 1681o.

32. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

## VII. FOURTH CLAIM FOR RELIEF

15 U.S.C. §1681i(a)(3)

(Defendants Experian)

33. Plaintiff re-alleges and incorporates by reference paragraphs 26-32 above.

34. Defendants Experian have violated 15 U.S.C. §1681i(a)(3) in that they failed to delete information because they reasonably determined that the dispute was frivolous or irrelevant.

35. Defendants Experian have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

36. At all times alleged herein, Defendant Experian acted negligently and/or willfully.

37. Defendant Experian is liable to Plaintiff for actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681n and actual damages, and costs pursuant to 15 U.S.C. §1681o.

## VIII. FIFTH CLAIM FOR RELIEF

15 U.S.C. §1681i(a)(4)

(Defendants Experian, Equifax and TransUnion)

38. Plaintiff re-alleges and incorporates by reference paragraphs 33-37 above.

39. Defendants Experian, Equifax and TransUnion have violated 15 U.S.C. §1681i(a)(4) in that they failed to delete information that was inaccurate or could not be verified.

41. Defendants Experian, Equifax and TransUnion have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

42. At all times alleged herein, Defendants Experian, Equifax and TransUnion acted negligently and/or willfully.

43. Defendants Experian, Equifax and TransUnion are liable to Plaintiff for actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681n and actual damages, and costs pursuant to 15 U.S.C. §1681o.

## IX. SIXTH CLAIM FOR RELIEF

15 U.S.C. §1681i(a)(5)

(Defendants Experian, Equifax and TransUnion)

44. Plaintiff re-alleges and incorporates by reference paragraphs 38-43 above.

45. Defendants Experian, Equifax and TransUnion violated 15 U.S.C. §1681i(a)(5) because they (i) failed to reinvestigate the Conn Appliance Inc and Capital one tradeline on Plaintiff's consumer report, (ii) failed to find it to be inaccurate or incomplete.

46. Defendants Experian, Equifax and TransUnion violated 15 U.S.C. §1681i(a)(5) in that they failed to have a procedure to prevent the reoccurrence of inaccurate or unverifiable information.

47. Defendants Experian, Equifax and TransUnion have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and other damages to Plaintiff.

48. At all times alleged herein, Defendants Experian, Equifax and TransUnion acted negligently and/or willfully.

49. Defendants Experian, Equifax and TransUnion are liable to Plaintiff for actual damages, punitive damages and costs pursuant to 15 U.S.C. §1681n and actual damages and costs pursuant to 15 U.S.C. §1681o.

## X. SEVENTH CLAIM FOR RELIEF
15 U.S.C. §1681i(a)(6)(B)(iii)
(Defendants Equifax and TransUnion)

50. Plaintiff re-alleges and incorporates by reference paragraphs 44-49 above.

51. Defendants Equifax and TransUnion have violated 15 U.S.C. § 1681i(a)(6)(B)(iii) in that they failed to have a procedure to prevent giving false information upon re-investigation.

52. Defendants Equifax and TransUnion have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

53. At all times alleged herein, Defendants Equifax and TransUnion acted negligently and/or willfully.

54. Defendants Equifax and TransUnion are liable to Plaintiff for actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681n and actual damages and costs pursuant to 15 U.S.C. §1681o.

## XI. EIGHTH CLAIM FOR RELIEF

15 U.S.C. §1681i(7)

(Defendants Equifax and TransUnion)

55. Plaintiff re-alleges, and incorporates by reference, paragraphs 50-54 above.

56. Defendants Equifax and TransUnion have violated 15 U.S.C. §1681i(7) in that they failed to provide a written description of the procedures used to determine the accuracy and completeness of the disputed information.

57. Defendants Equifax and TransUnion have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

58. Defendants Equifax and Transunion acted negligently and/or willfully.

59. Defendants are liable to Plaintiff for actual damages, punitive damages, fees and costs pursuant to 15 U.S.C. §1681n and actual damages, and costs pursuant to 15 U.S.C. §1681o.

## XII.   JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests a jury trial and entry of judgment in favor of Plaintiff and against all Defendants for:

A. Actual or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A).

B. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

C. Costs and fees pursuant to 15 USC § 1681n(a)(3) and 15 U.S.C § 1681o(b);

D. For such other and further relief as the Court may deem just and proper.

Dated: November 30, 2022        Respectfully submitted,

By: s/ La'Paris Sherman
Plaintiff /Pro Se
6800 Deorsam Loop
Killeen, TX 76542
Laparis.sherman@austin.cc.edu

## CERTIFICATE OF SERVICE

I hereby certify that on the 30 day of November 2022, a true and correct copy of the above and foregoing information was sent certified mail, addressed to:

Experian
Registered Agent:
C T Corporation System,
1999 Bryan Street, Suite 900,
Dallas, TX 75201

Equifax
Registered Agent:
Corporation Service Company
211 E. 7th Street, Suite 620
Austin, TX 78701-3218

Transunion
Registered Agent:
The Prentice Hall Corporation System
211 E 7TH Street Suite 600
Austin, TX 78701

                                                  Respectfully submitted,

Dated: November 30, 2022